JOURNAL ENTRY AND OPINION
Defendant-appellant Vitaly Simin appeals from his convictions for carrying a concealed weapon, negligent assault, and two counts of unlawful restraint.
Defendant was charged in two cases with a series of crimes arising from a drunken shooting spree in two jurisdictions. Defendant was indicted in Case No. CR-382379 with two counts of felonious assault and two counts of kidnaping. Each count contained two firearm specifications. The charges arose from an incident in which defendant threatened his roommate, Robert Starks, and his roommate's girlfriend, Laura Lobotsky, and held them at gunpoint in the Cleveland apartment they shared. Defendant was also indicted in Case No. CR-382978 for carrying a concealed weapon, which indictment arose after Starks convinced him to leave the apartment to get breakfast at a restaurant in Lakewood.
The matter proceeded to a consolidated jury trial on all the charges. The prosecution presented testimony from eight witnesses: the two victims; Cleveland Police Detective John Riedthaler and Officer Bonnie Rudolph of the Scientific Investigation Unit; and Lakewood Police Patrolmen Raul Sidell and Walter Geary, Investigator Robert Schubert, and Detective Leonard Kozempa. Defendant presented testimony from five witnesses: defendant; a third roommate, Libby Hudson; another friend, Michael Leigh; a neighbor, Mike Rennilo; and his landlord, Sandi Linden.
Their testimony revealed the following. After a night of drinking alcohol, defendant returned to the apartment he shared with Starks. Starks and his girlfriend, Lobotsky, who was eight and one-half months pregnant, were asleep. Defendant awoke them and began talking with Starks. He was complaining about money and Lobotsky's failure to pay rent, although she often spent time at the apartment. Defendant was aggressive, stated he did not like interracial dating, and said if they lived in Russia he could shoot Starks, a black man, with impunity.
Defendant went to his room and returned with a loaded handgun. He held the pistol against Starks' head, threatening to kill Starks and himself. Then defendant directed the weapon away from Starks' head and fired a shot by his right ear. Defendant repeated this conduct with Lobotsky and fired a shot by her head. Starks was ultimately able to convince defendant to go to a restaurant for breakfast as if nothing had happened.
Starks discovered during the drive to the restaurant that defendant had kept the weapon with him. Starks used his own cellular phone to call police from a restroom in the restaurant. By this time, Lobotsky had also made an emergency call to the police. Cleveland and Lakewood police responded to the restaurant, and Lakewood police arrested defendant. Defendant had a nine-millimeter pistol and two magazines loaded with fifteen bullets including two illegal Teflon-tipped bullets. Cleveland police investigated the crime scene at the apartment.
Defendant's theory was that Starks had a grudge against him, he did not make any threats with the weapon, and he was too intoxicated to have formed the necessary intent to commit the crimes. He denied that at the time of his arrest he admitted previously firing the weapon or that he was selectively able to remember what he wanted about the events. In its case-in-chief, the defense emphasized that the police did not recover the bullets or test his hands for residue from firing the weapon, and suggested that police photographs depicted preexisting holes in the apartment. Detective Riedthaler testified as a rebuttal witness, however, that he recovered two expelled bullets from the apartment.
The jury returned a verdict finding defendant guilty of carrying a concealed weapon as well as several lesser included misdemeanor offenses. The jury acquitted defendant of the two felonious assault charges, but found him guilty of one count of negligent assault with the firearm specifications. The jury also acquitted defendant of both counts of kidnaping, but found him guilty of two counts of unlawful restraint with the firearm specifications. Following a sentencing hearing, the trial court imposed an eighteen-month sentence of imprisonment for the concealed weapon conviction. The court imposed concurrent sentences of sixty days each on the remaining three counts to be served concurrently with his felony sentence. Through newly appointed appellate counsel, defendant appeals raising four assignments of error.
Defendant's first assignment of error follows:
 THE TRIAL COURT ERRED IN ALLOWING THE INTRODUCTION OF CHARACTER EVIDENCE AGAINST THE ACCUSED.
This assignment lacks merit.
Defendant argues the trial court improperly permitted Starks to testify concerning the views defendant expressed against interracial dating during the incident. Defendant argues it constituted improper character or bad acts evidence prohibited by Evid.R. 404(B).
Evid.R. 404(B) provides as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
None of the comments challenged by defendant, which indicated he disapproved of interracial dating, was, strictly speaking, offered to show that he acted in conformity therewith. Defendant's dating practices or preferences were not an issue at trial.
Defendant also made statements which indicated a racial animus for his conduct. At a minimum, defendant's comments comprise part of the background of the crimes and could properly be construed to show his motive or intent for his threats and conduct against the victims. The comments were made at the time of the offenses and had some tendency to undermine his claim that he did not knowingly cause or attempt to cause them harm.
Evidence of racial epithets is frequently admitted in cases involving violent conduct, sometimes even when the statements are not made when committing the violent acts. E.g., State v. Bowling (Dec. 11, 1998), Hamilton App. No. C-980081, unreported; City of Columbus v. Hatfield (Mar. 22, 1994), Franklin App. No. 93APC09-1275, unreported. In the case at bar, the comments were part and parcel of the threats and the trial court did not err by admitting the evidence.
Even if the trial court erred by permitting such evidence as defendant argues, however, such error was harmless because the other evidence of his guilt was overwhelming. State v. Williams (1988), 38 Ohio St.3d 346,350-351. Under the circumstances, defendant has shown no reversible error.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTIONS FOR DIRECTED VERDICT.
This assignment lacks merit.
Defendant contends the evidence to support his convictions is not sufficient. He argues the evidence was too weak because a neighbor did not hear the gunshots, one victim later accompanied his kidnapper to breakfast, defendant was too intoxicated to form the requisite mens rea, and his weapon was not well concealed.
However, when the evidence is viewed in the light most favorable to the prosecution, as we are required when determining the sufficiency of the evidence, we find that the prosecution presented sufficient evidence to support both the original charges and the lesser included offenses for which defendant was convicted. See State v. Jenks (1991),61 Ohio St.3d 259, syllabus paragraph two (summarizing the standard governing claims that a conviction is not supported by sufficient evidence). The fact that a neighbor in a large building testified that he did not hear the gunshots does not mean that they did not occur, particularly in light of the fact that the expended bullets were later recovered. Starks explained that the reason he accompanied defendant out of the apartment was so that Lobotsky would be left in safety. Police officers testified that defendant was not as intoxicated as he claimed and selectively remembered things that would help his case. Finally, weapons do not have to be completely concealed for purposes of committing the offense of carrying a concealed weapon. See e.g., State v. Suber (1997), 118 Ohio App.3d 771.
Defendant's arguments appear to be directed more as a challenge to the manifest weight, rather than the sufficiency of the evidence. See State v. Thompson (1997), 78 Ohio St.3d 380, 386-387 (which summarizes and distinguishes the two standards.) Even when viewed in this light, however, the contentions lack merit.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error follows:
 THE TRIAL COURT ERRED IN ALLOWING SURPRISE EVIDENCE NOT DISCLOSED PRIOR TO TRIAL BEFORE THE JURY ON REBUTTAL.
This assignment lacks merit.
Defendant complains that the prosecution presented the two bullets he fired in the apartment as rebuttal evidence at the conclusion of the case, without having disclosed the bullets to him as discovery before trial. Although the police had taken photographs, they had not recovered the bullets earlier, however, because of difficulty in making arrangements to do so and their desire to minimize damage to the premises.
During trial, on direct examination by defense counsel, the landlord, commenting on the photographs, stated that she was not sure whether the holes were from bullets. Detective Riedthaler subsequently went to the apartment and from the holes extracted metal fragments, which he identified as bullets that had been damaged by penetrating hard surfaces. Under the circumstances, the trial court could properly find that Detective Riedthaler provided proper rebuttal testimony. Moreover, defendant has shown no error by failing to recover and produce the bullets earlier or to present the testimony during the prosecution's case-in-chief.
Until trial, no one anticipated that defendant would deny firing the weapon and making the bullet holes. Defendant admitted firing the shots after he was given his Miranda warnings at the time of his arrest. The two victim witnesses also testified that defendant discharged the weapon near them in the apartment. Photographs taken by investigators depicted the bullet holes in the apartment.
At trial, however, not only did defendant seek to repudiate his own admission, but he also presented testimony for an independent witness who cast doubt on the photographs. Riedthaler recovered the bullets to dispel any misplaced doubts. Defendant specifically declined an opportunity, moreover, to voir dire Riedthaler about the recovery of the bullets and he did not request a continuance for more time to respond to the evidence. Under the circumstances, defendant has shown no error or abuse of discretion by the trial court in admitting this rebuttal testimony.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error follows:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE ON CHARGES WITHOUT FULLY REVIEWING THE FACTORS OF OHIO REVISED CODE SECTION 2929.13.
This assignment lacks merit.
Defendant contends the trial court did not sufficiently consider this matter before imposing the maximum 18-month sentence for the fourth degree felony of carrying a concealed weapon. He argues the trial court did not adequately consider various statutory factors set forth in R.C.2929.13(B)(1) before imposing sentence. This argument is flatly contradicted by the record.
The record shows that the prosecutor mentioned several of these factors and the trial court expressly discussed them when imposing sentence. During the course of his crimes, defendant attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. R.C.2929.13(B)(1)(b). Failing to mention other factors does not mean that they were not considered, but may mean that they simply did not apply.
The trial court's sentence of defendant complied with all applicable sentencing requirements. State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court fully complied with the requirements for imposing more than the minimum sentence under R.C. 2929.14(B) when the judge stated the following:
 In order to protect the public as well as to not demean the seriousness of this offense, this court is going to sentence the defendant to 18 months on Count 1 in Case No. [CR-]382978 * * *. (Emphasis added.)
See id.at 326-328. The court also complied with the requirements for imposing the maximum sentence under R.C. 2929.14(C) by stating, I do believe that your actions in this case were the worst form of the crime committed. (Emphasis added.) The court also specifically found the crime extremely egregious.
The trial court emphasized that defendant had already terrorized and assaulted the victims with the weapon and discharged it. Under the circumstances, the trial court adequately stated its reasons for imposing the maximum sentence. See id. at 328-329. The record further shows that, while under the influence of alcohol, defendant carried a concealed firearm, with two loaded magazines of ammunition, including two illegal Teflon-tipped bullets capable of piercing a bullet-proof vest, into a crowded restaurant.
The trial court's sentences on the remaining misdemeanors did not have to satisfy the felony sentencing requirements. The sentences were imposed concurrent to each other and concurrent with the felony sentence. Under the circumstances, defendant has not shown any error in the trial court's sentence.
Accordingly, defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and JAMES M. PORTER, J., CONCUR.